Jerry L. Steering [State Bar No. 122509]
LAW OFFICE OF JERRY L. STEERING
4063 Birch Street
Suite 100
Newport Beach, CA 92660
Telephone: (949) 474-1849
Facsimile: (949) 474-1883
info@steeringlaw.com; jerrysteering@yahoo.com

Attorney for plaintiff Julia Robles

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA ROBLES, | ) Case No. |
| | ) |
|      Plaintiffs, | ) COMPLAINT DAMAGES FOR |
| | ) VIOLATION OF FEDERAL |
|      vs. | ) CONSTITUTIONAL RIGHTS UNDER |
| | ) COLOR OF STATE LAW |
| CITY OF BANNING, BRIAN | ) (42 U.S.C. § 1983) FOR |
| WALKER, NICHOLAS | ) UNREASONABLE FORCE, UNDER |
| SCHOEN,  RAY ARRETCHE | ) FOURTH AMENDMENT, |
| and DOES 1 through 10, | ) UNREASONABLE SEIZURE OF |
| inclusive, | ) PERSON, VIOLATION OF FIRST |
| | ) AMENDMENT FREE SPEECH / |
|      Defendants. | ) RIGHT TO PETITION GOVERNMENT |
| | ) FOR REDRESS OF GRIEVANCES, |
| | ) FAILURE TO TRAIN, AND |
| | ) CALIFORNIA STATE LAW CLAIMS |
| | ) FOR FALSE ARREST / FALSE |
| | ) IMPRISONMENT, NEGLIGENCE, |
| |   NEGLIGENT AND INTENTIONAL |
| |   INFLICTION OF EMOTIONAL |
| |   DISTRESS, AND VIOLATION OF |
| |   CAL. CIVIL CODE § 52.1 |

COMPLAINT FOR DAMAGES

1

JURY TRIAL DEMANDED

**COMES NOW** plaintiffs Julia Robles and shows this honorable court the following:

## JURISDICTIONAL ALLEGATIONS

1.      As this action is brought under 42 U.S.C. § 1983, this court has jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2.      As the incidents complained of in this action occurred in the County of Orange, State of California, within the territorial jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2).

3.      As plaintiff's claims brought under California state law  v arise out of the same transactions and occurrences, and out of a common nucleus of operative facts as the plaintiffs' federal questions claims, this court has jurisdiction over the plaintiffs' California State law claims under its supplemental jurisdiction, and otherwise pursuant to *Mine Workers v. Gibbs*, 383 U.S. 715 (1966.)

## GENERAL ALLEGATIONS

4.      Defendant Brian Walker, hereinafter referred to as "WALKER", is, and at all times complained herein, was, a police officer with the Banning Police Department. At all times complained of herein, WALKER was acting as an

COMPLAINT FOR DAMAGES

individual person under the color of state law, pursuant to his status as a police officer, and was acting in the course of and within the scope of his employment with defendant City of Banning.

5. Defendant Nicholas Schoen, hereinafter referred to as "SCHOEN", is, and at all times complained herein, was, a police officer and a Sergeant with the Banning Police Department. At all times complained of herein, SCHOEN was acting as an individual person under the color of state law, pursuant to his status as a police officer and a Staff Sergeant, and was acting in the course of and within the scope of his employment with defendant City of Banning.

6. Defendant Ray Arretche, hereinafter referred to as "ARRETCHE", is, and at all times complained herein, was, a police officer and a Staff Sergeant with the Banning Police Department. At all times complained of herein, SCHOEN was acting as an individual person under the color of state law, pursuant to his status as a police  officer and a Staff Sergeant, and was acting in the course of and within the scope  of  his employment with defendant City of Banning.

7. Defendant City of Banning, hereinafter also referred to as "CITY", is a municipal entity located in the State of California; within the territorial jurisdiction of this court.

8. Defendants DOES 1 through 6, inclusive, are sworn peace officers and / or police officers and/or investigators and/ Special Officers and/or a dispatchers

and/or some other public officer, public official or employee of defendant CITY and/or otherwise employed by the Banning Police Department, who in some way committed some or all of the tortious actions (and constitutional violations) complained of in this action, and/or are otherwise responsible for and liable to plaintiffs for the acts complained of in this action, whose identities are, and remain unknown to plaintiffs, who will amend their complaint to add and to show the actual names of said DOE defendants when ascertained by plaintiffs.

9.      At all times complained of herein, DOES 1 through 6, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as sworn peace officers and/or police officers and/or Special Officers and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or dispatchers, employed by the Banning Police Department, and were acting in the course of and within the scope of their employment with defendant CITY.

10.     Defendants DOES 7 through 10, inclusive, are sworn peace officers and/or the Chiefs and/or Assistant Chiefs and/or Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials, employed by the Banning Police Department and/or defendant CITY, who are in some substantial way liable and responsible for, or otherwise proximately caused and/or contributed to the occurrences complained of by plaintiffs in this action, such as via supervisory

COMPLAINT FOR DAMAGES

4

liability (i.e. failure to properly supervise, improperly directing subordinate deputies, approving actions of subordinate deputies), via bystander liability (failing to intervene in and stop unlawful actions of their subordinates and/or other officers), and such as by creating and/or causing the creation of and/or contributing to the creation of the policies and/or practices and/or customs and/or usages of the Banning Police Department for: 1) for using excessive / unreasonable force on persons;  2) for unlawfully seizing persons; especially for violation of Cal. Penal Code § 148(a)(1);  3) for unlawful searching persons and places without search warrants, with neither consent or an emergency;  4) for falsely arresting and falsely imprisoning persons;  5) for fabricating / destroying / concealing / altering evidence in criminal and civil actions, and for otherwise "framing" persons in criminal actions, in order to falsely and maliciously, oppressively convict innocent persons, to protect them and other police officers and supervisory personnel from civil, administrative and criminal liability; 6) for interfering with[1] persons' and/or otherwise violating persons' constitutionally protected right to free speech; 7) for covering-up unlawful and tortious conduct by Banning Police Department personnel, and were a proximate cause of the very same California state law, and

---

[1] And retaliating against.

COMPLAINT FOR DAMAGES

5

federal and state constitutional violations complained above, and complained of by the plaintiff in this action.

11.     Defendants DOES 7 through 10, inclusive, are sworn peace officers and / or probation officers and/or investigators and/ Special Officers and/or dispatchers and/or some other public officer, public official or employee of the Banning Police Department and/or otherwise employed by the City of Banning, who in some way committed some or all of the tortious actions  (and constitutional violations) complained of in this action, and/or are otherwise responsible for and liable to plaintiffs for the acts complained of in this action, whose identities are, and remain unknown to plaintiffs, who will amend their complaint to add and to show the actual names of said DOE defendants when ascertained by plaintiffs.

12.     At all times complained of herein, DOES 7 through 10, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as sworn peace officers and/or probation officers and/or Special Officers and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or dispatchers, employed by the Banning Police Department, and were acting in the course of and within the scope of their employment with CITY.

13.     Plaintiffs are presently unaware of the identities of DOES 1 through 10, inclusive, and will amend their complaint to add and to show the actual names of said DOE defendants, when ascertained by plaintiffs.

COMPLAINT FOR DAMAGES

6

14.     At all times complained of herein, DOES 1 through 6, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as the Chief and/or the Assistant Chiefs and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials with the Banning Police Department, and/or some other public official(s) with defendant CITY, and were acting in the course of and within the scope of their employment with defendant CITY.

15.     At all times complained of herein, defendants DOES 7 through 10, inclusive, were acting as individual persons under the color of state law; under and pursuant to their status and authority as peace officers and/or Supervisory peace officers (as described herein, above and below), and/or policy making peace officers, with the Banning Police Department and/or otherwise with defendant CITY[2].

16.     Moreover, at all times complained of herein, defendants WALKER and DOES 1 through 10, inclusive, were acting pursuant to, or otherwise contributed to the creation and maintenance of, the customs, policies, usages and practices of the Banning Police Department / CITY, for, *inter alia*: 1) for using excessive / unreasonable force on persons; 2) for unlawfully seizing persons; 3) for unlawful

---

[2] Such as a COUNTY executive officer.

COMPLAINT FOR DAMAGES

7

searching persons; 4) for falsely arresting and falsely imprisoning persons; 5) for

fabricating / destroying / concealing / altering evidence in criminal and civil actions,

and for otherwise "framing" persons in criminal actions, in order to falsely and

maliciously, oppressively convict innocent persons, to protect them and other deputy

sheriffs and supervisory personnel from civil, administrative and criminal liability;

6) for covering-up unlawful and tortious conduct by Banning Police Department

personnel, and 12) for performing unlawful warrantless searches of private

residences and were a proximate cause of the very same California state law, and

federal and state constitutional violations complained above, and complained of by

the plaintiff in this action.

17.     In addition to the above and foregoing, defendants WALKER,

SCHOEN,  ARRETCHE  and DOES 1 through 10, inclusive, acted pursuant to a

conspiracy, agreement and understanding and common plan and scheme to deprive

the plaintiff of her federal Constitutional and statutory rights, as complained of in

this action, and acted in joint and concerted action to so deprive the plaintiffs of

those rights as complained of herein; all in violation of 42 U.S.C. § 1983, and

otherwise in violation of United States (Constitutional and statutory) law.

18.     Said conspiracy / agreement / understanding / plan / scheme / joint

action / concerted action, above-referenced, was a proximate cause of the violation

1   of the plaintiff's federal and state constitutional and statutory rights, as complained

2   of herein.

### FIRST CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. § 1983
### Violation of Fourth Amendment Rights –
### Unlawful / Unreasonable Seizure of Person
### (By Plaintiff Against all Defendants)

20.    Plaintiff hereby realleges and incorporates by reference the allegations

Set forth in paragraphs 1 through 19, inclusive, above, as if set forth in full herein.

21.    On June 18, 2013 plaintiff Julia Robles was working at, and was the

Supervisor  at a KFC restaurant located at 1930 W. Ramsey Street, Banning,

California 92220.

22.    Ms. Robles was in the back of the store packing coleslaw when she saw

two Banning Police Department officers behind the front counter in the work area /

food preparation area. Only KFC employees are allowed in this area, and it is not

open to the public.

23.    Ms. Robles walked over to two officers and told them they were not

allowed to be inside the work area and to step out to the lobby area.

24.    WALKER,  SCHOEN,  ARRETCHE  and  DOES 1 through 3,

inclusive,  said that they were there to investigate a crime scene. Ms. Robles asked

about the crime, and asked the officers if they had a search warrant or court order to

be inside the work area; otherwise they have to wait in the lobby until she could call

COMPLAINT FOR DAMAGES

the KFC area  manager.

25.    After she told said defendants this, WALKER, SCHOEN, ARRETCHE and DOES 1 through 3, inclusive, became angry and started raising his voice and asked her for her name and date of birth.  Ms. Robles did not give Officer Walker this information.

26.    WALKER, SCHOEN, ARRETCHE and DOES 1 through 3, inclusive, then said that Ms. Robles was obstructing an active crime investigation and again asked for plaintiff's name and date of birth.  Ms. Robles again asked the officers to explain the crime because she had no knowledge of a crime occurring in the store.  Officer Walker did not answer her question.

27.    WALKER, SCHOEN, ARRETCHE and DOES 1 through 3, inclusive, eventually explained to plaintiff that a woman had left her cell phone in the Ladies restroom at the restaurant and the Lo-Jack was telling them that the phone was in the kitchen area.

28.    WALKER, SCHOEN, ARRETCHE and DOES 1 through 3, inclusive, then asked again for Ms. Robles' identification, and she inquired as to why they wanted her information, because she did not commit a crime.

29.    ROBLES then pointed to her name tag on her shirt that clearly had her first name and last name on it.

30.    ROBLES then told WALKER, SCHOEN, ARRETCHE and DOES 1

COMPLAINT FOR DAMAGES

10

through 3, inclusive, WALKER that they could not search the store until she could

notify the area coach. The officers ignored the request and again asked for

ROBLES' name and date of birth.

31.    ROBLES asked him once again to let her call the area coach to let her

know what was going on.

32.    When ROBLES began to dial her phone WALKER, SCHOEN,

ARRETCHE and DOES 1 through 3, inclusive, said, "That's it, you're going to jail

for stopping my investigation."

33.    WALKER, SCHOEN, ARRETCHE and DOES 1 through 3, inclusive,

then took the phone out of ROBLES' hand and they handcuffed her.

34.    After taking plaintiff  to the police vehicle, WALKER, SCHOEN,

ARRETCHE and DOES 1 through 3, inclusive, searched her.

35.    WALKER, SCHOEN, ARRETCHE and DOES 1 through 3, inclusive,

then placed plaintiff in the Banning Police Department patrol vehicle, and kept her

confined therein, for over an hour.

36.    WALKER, SCHOEN, ARRETCHE and DOES 1 through 3, inclusive,

then opened the door and asked for her name and date of birth to which she

complied.

37.    The officers then wrote a citation to give to the plaintiff for violation

Cal. Penal Code § 148(a)(1),  and asked her to step out of the vehicle.

COMPLAINT FOR DAMAGES

11

38.     Plaintiff  could not get out of the patrol car because of back pain, and because her wrists hurt from the handcuffs. WALKER, SCHOEN, ARRETCHE and DOES 1 through 3, inclusive, then helped her from the car and took off the handcuffs.

39.      Plaintiff  then signed the citation for violation of  Cal. Penal Code § 148(a)(1) with a court date of August 6, 2013.

40.     Plaintiff  went to court on August 6, 2013 and learned that there was no criminal case filed against her.

41.     Accordingly, the seizure and arrest of plaintiff  by WALKER, SCHOEN, ARRETCHE and DOES 1 through 3, inclusive, at her place of employment, constituted an unlawful and unreasonable seizure of plaintiff Julia Robles, without a warrant or probable cause to believe that she committed a crime[3], in violation of her right to be free from such a seizure under the Fourth Amendment to the United States Constitution.

42.     Moreover, each of the defendants watched the others unlawfully seize the plaintiff. Each of the defendants had notice that the seizure of the plaintiff was unlawful, and had the opportunity to intervene to stop the unlawful seizure and continued confinement of the plaintiff. However, none of said defendants intervened

---

[3] Or even reasonable suspicion of criminality afoot.

COMPLAINT FOR DAMAGES

to stop the unlawful seizure and confinement of the plaintiff.

43.   Moreover, SCHOEN, ARRETCHE and DOE 3, inclusive were Sergeants, or some other type of supervisory police officers, and had a duty to stop their subordinate officers from committing unlawful acts such as an unlawful seizure of an innocent, such as the plaintiff. Yet none of them did so, and they actually acquiesced and ratified in said unlawful seizure of the plaintiff.

44.   As a direct and proximate result of the actions of defendants WALKER, SCHOEN, ARRETCHE and DOES 1 through 3, inclusive, as complained of herein, plaintiff : 1) was substantially physically, mentally and emotionally injured, and suffered great physical, mental and emotional injury, distress, pain and suffering; 2) incurred medical and psychological costs, bills and expenses, 3) incurred litigation and other related costs, 4) suffered damage to her employment reputation, and 4) incurred other special and general damages and expenses, in an amount to be proven at trial, in excess of  $10,000,000.00.

45.   The actions by said defendants were committed maliciously, oppressively and in reckless disregard of plaintiff's constitutional rights; sufficient for an award of punitive / exemplary damages against all defendants and each of them, save defendant CITY, in an amount to be proven at trial, in excess of $10,000,000.00.

**SECOND CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983**
**[42 U.S.C. § 1983]**
**Violation of Fourth Amendment Rights**
**Excessive / Unreasonable Use of Force on Person**
**(Against all Defendants)**

46.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 45, inclusive, above, as if set forth in full herein.

47.     When plaintiff was handcuffed by said defendant Banning Police Department officers, the cuffs were applied too tight, and plaintiff was injured thereby.

48.     Also, the defendants confinement of the plaintiff in the back seat of a Banning Police Department patrol car while handcuffed, caused the plaintiff to suffer substantial back injury, pain and suffering, and wrist injury, pain and suffering.

49.     Moreover, each of the defendants watched the others unlawfully seize and use unreasonable force upon the plaintiff. Each of the defendants had notice that the seizure and the use of force upon the plaintiff was unlawful, unreasonable and excessive, and each had the opportunity to intervene to stop the unlawful seizure, continued confinement and the unlawful and unreasonable use of force upon the plaintiff. However, none of said defendants intervened to stop said unlawful actions being perpetrated against the plaintiff.

COMPLAINT FOR DAMAGES
14

50.    The actions of said defendants, as complained above, constituted a violation of  plaintiff's rights under the Fourth Amendment to the United States Constitution, to be free from the use of unlawful, unreasonable and excessive force upon her person.

51.    As a direct and proximate result of the actions of  WALKER, SCHOEN, ARRETCHE and DOES 1 through 3, inclusive, plaintiff was: 1) substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses, and 3) suffered substantial physical injury, pain and suffering, as well as mental and emotional pain and suffering; all in an amount to be proven at trial; in excess of $10,000,000.00.

52.  The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of ROBLES' constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, save defendant CITY, in an amount to be proven at trial, in excess of $10,000,000.00.

### THIRD CAUSE OF ACTION
**Claim Against Local Governing Body Defendants Based On Policy Of Failure To Train**
**[42 U.S.C. § 1983]**
**(Against Defendants CITY and DOES 7 through 10)**

53.    Plaintiff hereby realleges and incorporate by reference the allegations set forth in paragraphs 1 through 52, inclusive, above, as if set forth in full herein.

COMPLAINT FOR DAMAGES

54.     As shown above, when defendants CITY and DOES 7 through 10, inclusive, deprived plaintiff Julia Robles of her particular rights under the United States Constitution, they were acting under the color of state law.

55.     The training policies of defendants CITY and DOES 7 through 10, inclusive, were not adequate to train their police officers and other sworn peace officer personnel to handle the usual and recurring situations with which they must deal with as sworn peace officers, to wit; defendants CITY and DOES 7 through 10, inclusive, failed to train its police officers to: 1) not use excessive / unreasonable force on persons; 2) understand what conduct Cal. Penal Code § 148(a)(1) actually proscribes, and to understand the Constitutional rights of persons who verbally protest and verbally challenge police actions ; 3) not unlawfully search persons; 4) to not falsely arrest and falsely imprison persons; 5) to refrain from covering-up unlawful and tortious conduct by Banning Police Department personnel, and were a proximate cause of the very same California state law, and federal and state constitutional violations complained above, and complained of by the plaintiff in this action.

56.     Defendants CITY and DOES 7 through 10, inclusive, were deliberately indifferent to the obvious consequences of their failure to train their police officers and other sworn peace officer personnel adequately; and

57.     The failure of defendants CITY and DOES 7 through 10, inclusive, to

COMPLAINT FOR DAMAGES

16

provide adequate training caused the deprivation of plaintiff's rights by the defendants CITY and DOES 7 through 10, inclusive; that is, the defendants' failure to train was so closely related to the deprivation of plaintiff's rights as to be the moving force that caused the ultimate injury.

58.    As a direct and proximate result of the actions of defendants CITY and DOES 7 through 10, inclusive, as complained of herein, plaintiff: 1) was substantially physically, mentally and emotionally injured and endured great physical, mental and emotional suffering; 2) incurred medical and psychological costs, bills and expenses, and 3) incurred other special and general damages and expenses in an amount to be proven at trial, which is in excess of $10,000,000.00.

### FOURTH CAUSE OF ACTION
**Claim Against Local Governing Body Defendants Based On Official Policy, Practice, Or Custom**
**[42 U.S.C. § 1983]**
**(Against Defendants CITY and DOES 7 through 10)**

59.    Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 58 inclusive, above, as if set forth in full herein.

60.    As shown above, the actions of defendants WALKER, SCHOEN, ARRETCHE and DOES 1 through 6, inclusive, WALKER and DOES 1 through 6, inclusive, deprived the plaintiff of her particular rights under the United States Constitution and under the California Constitution, as described above.

COMPLAINT FOR DAMAGES
17

61.     At all times complained of herein, WALKER, SCHOEN, ARRETCHE and DOES 1 through 6, inclusive, were acting pursuant to the policies, customs, usages and practices of the Banning Police Department / defendants CITY and DOES 7 through 10, inclusive: 1) for using excessive / unreasonable force on persons; 2) for unlawfully seizing persons; 3) for unlawful searching persons; 4) for falsely arresting and falsely imprisoning persons, especially for violation of Cal. Penal Code § 148(a)(1); 5) for fabricating / destroying / concealing / altering evidence in criminal and civil actions, and for otherwise "framing" persons in criminal actions, in order to falsely and maliciously, oppressively convict innocent persons, to protect them and other deputy sheriffs and supervisory personnel from civil, administrative and criminal liability; 6) for covering-up unlawful and tortious conduct by Banning Police Department personnel, and 7) for performing unlawful warrantless searches of private residences, and were a proximate cause of the very same California state law, and federal and state constitutional violations complained above, and complained of by the plaintiff in this action.

62.     Said actions of said defendants were done by them under the color of state law.

63.     As a proximate result of said defendants acting pursuant to said policies, customs, usages and practices of defendants CITY and DOES 7 through

10, inclusive, above-described, defendants committed said actions complained of above.

64.     As a direct and proximate result of the actions of defendants CITY and DOES 7 through 10, inclusive, as complained of herein, plaintiff: 1) was substantially physically, mentally and emotionally injured, and great physical, mental and emotional pain, suffering and distress; 2) incurred medical and psychological costs, bills and expenses, and 3) incurred other special and general damages and expenses in an amount to be proven at trial, which is in excess of $10,000,000.00.

**FIFTH CAUSE OF ACTION**
**Violation of Fourth Amendment Rights**
**[42 U.S.C. § 1983]**
**Unlawful / Unreasonable Search of Person**
**(Against all Defendants)**

65.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 64, inclusive, above, as if set forth in full herein.

66.     After plaintiff was unlawfully arrested, plaintiff's person was unlawfully searched by WALKER, SCHOEN, ARRETCHE and DOES 1 through 6, inclusive.

67.     Defendant CITY has a custom and practice of systematically searching persons without any legal justification for the same, such as the search of the plaintiff during the incident complained of in this action. Such a search is a violation

COMPLAINT FOR DAMAGES
19

of any such arrestees' Fourth Amendment right to be free from an unlawful search of their person.

68.   As a direct and proximate result of defendants' actions, above-referenced, plaintiff was substantially physically, mentally and emotionally injured, and incurred legal expenses and other special and general damages and expenses; all in an amount to be proven at trial; in excess of $10,000,000.00.

69.   The actions by said defendants were done maliciously and in reckless disregard of plaintiff's constitutional rights, sufficient for an award of punitive / exemplary damages against defendants in an amount to be shown at trial, in excess of $2,000,000.00.

### SIXTH CAUSE OF ACTION
**Violation of Cal. Civil Code § 52.1**
**Under California State Law**
**(Against all Defendants)**

70.   Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 69, inclusive, above, as if set forth in full herein.

71.   The actions of defendant WALKER, SCHOEN, ARRETCHE and DOES 1 through 6, inclusive, in threatening (to arrest the plaintiff), searching, seizing, arresting, using force upon, were  and in giving plaintiff a citation to appear in court for violation of Cal. Penal Code § 148(a)(1), were done by said defendants in retaliation for plaintiff's exercise of her First Amendment rights to freedom of speech and to petition the government for redress of grievances, and to chill, deter

COMPLAINT FOR DAMAGES

and prevent further verbal protests and complaints by plaintiffs to said defendants about their mistreatment of the plaintiffs as well as plaintiffs exercising their Fourth Amendment right to refuse to consent to a warrantless entry into their home.

72.     Said actions by said defendants constitute the use of actual force and violence, and the threatened use of force and violence against the plaintiff for her exercise of her First Amendment rights to freedom of speech and to petition the government for redress of grievances, and to chill, deter and prevent further verbal protests and complaints by plaintiff to said defendants about their mistreatment of her, as well as for plaintiff exercising her Fourth Amendment right to refuse to consent to a warrantless entry into the business in which she was the person in charge at the time complained of.

73.     Moreover, as shown above, said defendants falsely arrested and falsely imprisoned the plaintiff.

74.     Said defendant police officers, interfered with, and/or attempted to interfere with, by use of threats, intimidation, and coercion, the exercise or enjoyment by plaintiffs of the rights secured by the Constitution and laws of the United States, and of the rights secured by the California Constitution and otherwise by California law, in violation of California Civil Code §52.1.

75.     Said defendants are liable to plaintiff for said violations of her constitutional rights, pursuant to California Civil Code §52.1, and California Government Code §§ 815.2(a), 815.6, 820, 820.8.

76.     As a direct and proximate result of the actions of said defendants, plaintiff was: 1) substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages, including legal costs and other associated costs and expenses; all in an amount to be proven at trial which is in excess of $2,000,000.00[4].

77.     The actions by said defendants were committed maliciously and oppressively and constituted despicable conduct; sufficient for an award of punitive / exemplary damages against all defendants and each of them, save defendant CITY, in an amount to be proven at trial in excess of $4,000,000.00.

78.     In addition, as a result of the actions of said defendants in violation of the plaintiffs' rights under Cal. Civil Code § 52.1, the plaintiff is entitled to an award of treble compensatory damages against all defendants, and each of them in this action.

**SEVENTH CAUSE OF ACTION**
**False Arrest / False Imprisonment**
**Under California State Law**
**(Against all Defendants)**

---

[4] Trebled to $6,000,000.00.

COMPLAINT FOR DAMAGES
22

79.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 78, inclusive, above, as if set forth in full herein.

80.     As complained of above, plaintiff was unlawfully seized and arrested at her place of employment by defendants WALKER, SCHOEN, ARRETCHE and DOES 1 through 6, inclusive.

81.     Also as complained of above, said defendants had neither reasonable suspicion of criminality afoot about plaintiff, nor probable cause to believe that plaintiff had committed a crime.

82.     Accordingly, defendants are liable to plaintiff for her false arrest / false imprisonment pursuant to Cal. Gov't Code §§ 815.2(a), 815.6, 820, 820.4 and 820.8.

83.     As a direct and proximate result of the actions of defendants WALKER, SCHOEN, ARRETCHE and DOES 1 through 6, inclusive, plaintiff was: 1) substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred damage to her employment / business reputation, 4) incurred other special and general damages, including legal costs and other associated costs and expenses; all in an amount to be proven at trial in excess of $6,000,000.00.

84.     The actions by said defendants were committed maliciously and oppressively and constituted despicable conduct; sufficient for an award of punitive

/ exemplary damages against all defendants and each of them, save defendant CITY,

in an amount to be proven at trial in excess of $4,000,000.00.

### EIGHTH CAUSE OF ACTION
**Battery**
**Under California State Law**
**(Against all Defendants)**

85.     Plaintiff hereby realleges and incorporates by reference the allegations

set forth in paragraphs 1 through 84, inclusive, above, as if set forth in full herein.

86.     The actions committed by defendants WALKER, SCHOEN,

ARRETCHE and DOES 1 through 6, inclusive, constituted unjustified non-

consensual use of unlawful force and violence upon plaintiff, and, therefore,

constituted a battery of her by said defendants under California state law.

87.     Said defendants and each of them, are liable to plaintiff  for said

batteries of her, pursuant to Cal. Government Code §§ 815.2(a), 815.6, 820, 820.8

and otherwise pursuant to the common-law.

### NINTH CAUSE OF ACTION
**Assault**
**Under California State Law**
**(Against all Defendants)**

88.     Plaintiff hereby realleges and incorporates by reference the allegations

set forth in paragraphs 1 through 87, inclusive, above, as if set forth in full herein.

89.     The actions committed by defendants WALKER, SCHOEN,

ARRETCHE and DOES 1 through 6, inclusive, above-described, constituted an

COMPLAINT FOR DAMAGES
24

assault of plaintiff under California state law, as plaintiff was unlawfully placed in reasonable fear of receiving an imminent violent injury by said defendants.

90.     WALKER, SCHOEN, ARRETCHE and DOES 1 through 6, inclusive, and each of them, including CITY, are liable to plaintiff under California state law for said assault, pursuant to Cal. Government Code §§ 815.2(a), 815.6, 820 and 820.8, pursuant to the California Constitution, and otherwise pursuant to the common law.

91.     As a direct and proximate result of the actions of defendants WALKER, SCHOEN, ARRETCHE and DOES 1 through 6, inclusive, plaintiff was: 1) substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred damage to her employment / business reputation, 4) incurred other special and general damages, including legal costs and other associated costs and expenses; all in an amount to be proven at trial in excess of $6,000,000.00.

92.     The actions by said defendants were committed maliciously and oppressively and constituted despicable conduct; sufficient for an award of punitive / exemplary damages against all defendants and each of them, save defendant CITY, in an amount to be proven at trial in excess of $4,000,000.00.

**TENTH CAUSE OF ACTION**
**Intentional Infliction Of Emotional Distress**
**Under California State Law**
**(Against all Defendants)**
COMPLAINT FOR DAMAGES
25

93.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 92, inclusive, above, as if set forth in full herein.

94.     Defendants WALKER, SCHOEN, ARRETCHE and DOES 1 through 6, inclusive, knew and/or should have known that plaintiff was susceptible to suffering severe emotional distress from the actions taken and committed against plaintiff by said defendants as complained of herein.

95.     As a direct and proximate result of the actions of said defendants, plaintiff was: 1) substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred damage to her employment / business reputation, 4) incurred other special and general damages, including legal costs and other associated costs and expenses; all in an amount to be proven at trial in excess of $6,000,000.00.

96.     The actions by said defendants were committed maliciously and oppressively and constituted despicable conduct; sufficient for an award of punitive / exemplary damages against all defendants and each of them, save defendant CITY, in an amount to be proven at trial in excess of $4,000,000.00.

**ELEVENTH CAUSE OF ACTION**
**Negligence**
**Under California State Law**
**(Against all Defendants)**

COMPLAINT FOR DAMAGES
26

97.   Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 96, inclusive, above, as if set forth in full herein.

98.   Defendant CITY and DOES 7 through 10, inclusive, knew, and/or with the exercise of reasonable diligence should have known, of the propensities of defendants WALKER, SCHOEN, ARRETCHE and DOES 1 through 6, inclusive, for unlawfully retaliating against innocents who protest said defendants' action.

99.   Moreover, the actions committed by defendants WALKER, SCHOEN, ARRETCHE and DOES 1 through 6, inclusive, as complained of herein and as described above, also constituted a breach of defendants' duty to use due care toward plaintiff.

100.   Moreover, defendant CITY breached its duty of care plaintiff, and to members of the public similarly situated, by failing to train its officers that they have no right to brutalize and / or falsely arrest and / or unlawfully enter and search the private businesses without search warrants, consent or an emergency.

102.   As a direct and proximate result of the actions of said defendants, plaintiff was: 1) substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred damage to her employment / business reputation, 4) incurred other special and general damages, including legal costs and other associated costs and expenses; all in an amount to be proven at trial in excess of $6,000,000.00.

COMPLAINT FOR DAMAGES

**WHEREFORE**, plaintiffs pray for judgment as follows:

a) For a judgment against all defendants for compensatory damages in an amount in excess of $6,000,000.00[5];

b) For a judgment against all defendants, save defendant COUNTY, for punitive damages in an amount in excess of $4,000,000.00;

c) For an award of reasonable attorney's fees and costs;

d) For a trial by jury; and

e) For such other and further relief as this honorable court deems just and equitable.

JERRY L. STEERING

---

[5] Trebled to $18,000,000.00.

COMPLAINT FOR DAMAGES

28